IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. Securities and Exchange Commission,<br><br>            Plaintiff,<br><br>   v.<br><br>Michael G. Thomas,<br><br>            Defendant. | **Civil Action No.** |

**COMPLAINT TO REQUIRE MICHAEL G. THOMAS
<u>COMPLY WITH SECURITIES AND EXCHANGE COMMISSION ORDER</u>**

Plaintiff Securities and Exchange Commission applies to the Court for a judgment, pursuant to Section 20(c) of the Securities Act of 1933 and Section 209(d) of the Investment Advisers Act of 1940, to enforce compliance by Michael G. Thomas with a June 3, 2015 order directing him to pay a $25,000 civil penalty.

In support, the Commission states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction under Section 20(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(c), and Section 209(d) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-9(d).

2. Venue lies in the Western District of Pennsylvania under Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), in that the underlying conduct took place within this District.

### PARTIES

3. **The Securities and Exchange Commission ("Commission")** is an agency of the United States government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

4.    **Michael G. Thomas ("Thomas")**, age 35, was a resident of Oil City, Pennsylvania during the conduct described herein. Thomas formed a pooled investment vehicle named Michael G. Investments, LLC ("MGI"). MGI was a Wyoming limited liability company with its principal place of business in Oil City, Pennsylvania.

## FACTS

**A.    Thomas's Conduct**

5.    These proceedings arise out of the materially false and misleading representations that Thomas made in general solicitations to the public concerning MGI.

6.    From May until June 2014, Thomas made material misrepresentations to prospective investors concerning his own past investment performance, the personnel who would manage and advise MGI, and MGI's projected performance. In addition, Thomas falsely claimed to have received a prominent industry honor. Thomas made these misrepresentations in marketing materials that he distributed to thousands of potential investors through email and to the general public through the internet.

7.    Thomas did not succeed in selling any MGI securities. But by virtue of his misrepresentations to prospective investors, he violated federal securities laws.

**B.    Thomas's Settlement with the Commission**

8.    On June 3, 2015, the Commission issued an order, with Thomas's consent, making findings, imposing remedial sanctions and a cease-and-desist order against Thomas for his violations of federal securities laws. *In re Michael G. Thomas*, Securities Act Rel. No. 9801, Advisers Act Rel. No. 4102, Investment Company Act of 1940 Rel. No. 31659, Admin. Proceeding File No. 3-16573 (June 3, 2015) ("Commission Order"). A copy of the Commission Order is attached hereto as Exhibit 1.

9. The Commission Order, finding that Thomas willfully violated Sections 17(a)(1) and (3) of the Securities Act, Section 206(4) of the Advisers Act, and Advisers Act Rule 206(4)-8, ordered Thomas pay a $25,000 civil penalty according to a one-year installment payment plan (where Thomas would pay $12,500 within 180 days of the entry of the Commission Order, and then pay the balance, plus interest, within 365 days of the Commission Order).

10. The Commission Order also imposed the following injunctive relief ("Injunctive Relief"):

   a. ordering Thomas to cease and desist from committing or causing any violations and any future violations of Sections 17(a)(1) and (3) of the Securities Act, Section 206(4) of the Advisers Act, and Advisers Act Rule 206(4)-8;

   b. directing Thomas not to participate in the issuance, offer or sale of any security (except selling securities listed on a national exchange for his own personal account) for a period of five years;

   c. barring Thomas from associating with any broker, dealer, investment adviser, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization for five years; and

   d. barring Thomas from serving or acting as an employee, officer, director, member of an advisory board, investment adviser or depositor of, or principal underwriter for, a registered investment company or affiliated person of such investment adviser, depositor, or principal underwriter, for five years.

11. Thomas has not made any payment towards the Commission Order, which remains due and owing with additional interest pursuant to 31 U.S.C. § 3717.

12. Thomas did not seek review of the Commission Order, and his time to do so has expired.

## CLAIM FOR RELIEF

13. Section 20(c) of the Securities Act and Section 209(d) of the Advisers Act allow the Commission to bring an action in federal district court seeking compliance with Commission orders. Specifically, Section 20(c) of the Securities Act states:

> "Upon application of the Commission the district courts of the United States…shall have jurisdiction to issue writs of mandamus, injunctions, and orders commanding …any person to comply with the provisions of this title, the rules, regulations, and orders thereunder[.]"

Section 209(d) of the Advisers Act is analogous.

14. Courts have recognized that these provisions authorize the Commission to apply to district courts for orders enforcing compliance with Commission orders. *See*, *e.g.*, *SEC v. J.W. Barclay & Co.*, 442 F.3d 834, 844 (3d Cir. 2006); *SEC v. Mohn,* 465 F.3d 647, 651 (6th Cir. 2006); *SEC v. Vittor,* 323 F.3d 930, 934 (11th Cir. 2003); SEC *v. McCarthy,* 322 F.3d 650, 655 (9th Cir. 2003); *Lang v. French*, 154 F.3d 217, 223 (5th Cir. 1998).

15. Thomas may not challenge the merits of the Commission Order. To challenge the Commission Order, Thomas would have had to petition a United States court of appeals within 60 days of the entry of the Commission Order; he did not do so. 15 U.S.C. §§ 77i(a) and 78y(a); *McCarthy* , 322 F. 3d at 658; *SEC v. Gerasimowicz*, 9 F. Supp.3d 378 (S.D.N.Y. 2014).

WHEREFORE, the Commission respectfully requests:

**I.**

That the Court enter a judgment enforcing the Commission Order and requiring: (1) Thomas pay a civil penalty of $25,000, together with post-order interest pursuant to 31 U.S.C. § 3717, and postjudgment interest pursuant to 28 U.S.C. § 1961; and (2) the Injunctive Relief set forth in the Commission Order.

**II.**

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 *et seq*.

**III.**

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

**IV.**

That the Court order such other and further relief as may be just and proper.

Respectfully submitted,

s/ Karen M. Klotz
Karen M. Klotz (PA 88171)
Judith Ann Weinstock
Elizabeth Reilly Goody
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
1617 John F. Kennedy Boulevard, Suite 520
Philadelphia, PA 19103

Dated: Philadelphia, PA
October 3, 2019

Tel.: (215) 597-3100 (Klotz)
E-mail: KlotzK@sec.gov